IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

JACK WHITEHEAD,

                Plaintiff,              Civil Action No.
                                                  3:18-CV-0052 (GTS/DEP)

      v.

ENDICOTT POLICE DEPARTMENT and
SERGEANT KETCHUM,

                Defendants.

─────────────────────────────────

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

JACK WHITEHEAD, *Pro se*
#133010
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

### ORDER, REPORT, AND, RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Jack

Whitehead, pursuant to 42 U.S.C. § 1983, against the Endicott Police

Department and an Endicott Police Sergeant, in which plaintiff alleges that

his constitutional rights were violated during the course of searches conducted by defendants, and his subsequent criminal prosecution. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Based upon consideration of those materials, I grant plaintiff's application for leave to proceed without prepayment of fees, but recommend that his complaint be dismissed, with leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on January 12, 2018. Dkt. No. 1. As defendants, his complaint names the Endicott Police Department and Mr. Ketchum, who is described as a sergeant, presumably with the Endicott Police Department. *Id.* at 1-2. In his complaint, plaintiff alleges that between May 1, 2016 and December 2017, defendants conducted "raids" of various residences with which plaintiff is apparently connected. *Id.* at 2-3. He further alleges that as an outgrowth of the execution of a search warrant at his apartment he was "falsely arrested and wrongfully imprisoned", leading him to suffer physical and emotional distress and the loss of custody of his twin children. *Id.* Plaintiff's complaint requests both injunctive relief and money damages in an unspecified amount. *Id.* at 4.

After commencing the action, plaintiff, who is currently incarcerated

in the Broome County Correctional Facility, submitted an application for leave to proceed without full prepayment of fees.[1] Dkt. No. 5. That IFP application includes the requisite certification of the amounts of money in plaintiff's prison account as well as his average account balance over the past six months. *Id.* at 2.

II.    DISCUSSION

    A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

---

[1]    Plaintiff's initial request for leave to proceed IFP, Dkt. No. 2, was rejected as incomplete, and he was ordered, on January 16, 2018, to either pay the full $400 filing fee in advance or submit a completed and signed IFP application within thirty days. Dkt. No. 4.

[2]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[3]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or

B.    Sufficiency of Plaintiff's Complaint

1.    Standard of Review

Because I have found that plaintiff satisfies the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) instructs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and

_____

witness fees.

4

1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

         2.   <u>Analysis</u>

         a.   <u>Substitution of Correct Municipal Defendant</u>

The lead defendant named by the plaintiff in his complaint is the Village of Endicott Police Department. Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments like the Village of Endicott Police Department are not amenable to suit, and no claims lie directly against the Department. *Hoisington v. Cty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted).

In order to remedy this shortcoming, the clerk will respectfully be directed to substitute the Village of Endicott in the place of the Endicott Police Department as the first of the two named defendants in plaintiff's complaint.

b.    *Heck v. Humphrey*

Although difficult to discern, it appears that in one of the claims being raised by plaintiff in this action, he alleges that he was falsely arrested and imprisoned. While the complaint does not provide details concerning that claim, the court presumes that plaintiff was criminally prosecuted and convicted as a result of evidence garnered during the course of the searches referenced in his complaint. It therefore appears that plaintiff's false arrest and wrongful imprisonment claims arise from alleged constitutional violations that occurred in connection with his criminal prosecution and conviction.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

8

>into question by a federal court's issuance of a writ
>of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted); *see also Estes v. Doe*, No. 97-CV-8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct. 29, 1999). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes*, 1999 WL 983886, at *3 (citing *Heck*, 512 U.S. at 486-487).

Here, because plaintiff's complaint does not allege that he has successfully invalidated the conviction he seeks to challenge – and the fact of plaintiff's current incarceration suggests his conviction has not, in fact, been overturned – his claims in this action are precluded. For this reason, I recommend that plaintiff's complaint be dismissed.

### c.   Plaintiff's False Arrest Claim Generally

Even leaving aside the *Heck v. Humphrey* issue, plaintiff's complaint fails to set forth facts plausibly establishing a false arrest cause of action. A claim for false arrest or imprisonment brought pursuant to section 1983 "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *see Ricciuti v. N.Y.C. Transit*

*Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).[4]  "To establish a claim for false arrest under [section 1983], a plaintiff must show that 'the defendant intentionally confined him without his consent and without justification.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Weyant*, 101 F.3d at 852). "'Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff,'" even if the plaintiff is subsequently acquitted of all charges. *Dufort v. City of New York*, 874 F.3d 338, 347 (2d Cir. 2017) (quoting *Escalera*, 361 F.3d at 743); *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (observing that probable cause is a "complete defense" to a false arrest action).

"Probable cause for arrest exists if the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Breen v. Garrison*, 169 F.3d 152, 153 (2d Cir. 1999) (quoting *Weyant*, 101 F.3d at 85). In assessing the existence of probable cause, the court must examine the "totality of the circumstances," *Caldarola v.*

---

[4]    A section 1983 claim for false arrest sounding in the Fourth Amendment is "'substantially the same'" as a claim for false arrest under New York law. *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003)

*Calabrese*, 298 F.3d, 156, 162 (2d Cir. 2002), consider the facts available to the officer at the time of the arrest and immediately before it, *see Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996). In deciding whether probable cause to arrest exists, a police officer is entitled to rely on the victim's allegations that a crime has been committed. *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (citing *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)). A police officer is also entitled to rely on the allegations of fellow police officers. *Martinez*, 202 F.3d at 634 (citing *Bernard v. U.S.*, 25 F.3d 98, 102-03 (2d Cir. 1994)). The evidence needed to establish probable cause is less than that necessary to support a conviction. *Krause v. Bennett*, 887 F.2d 362, 370 (2d Cir. 1989).

Plaintiff's complaint fails to set forth facts that would demonstrate probable cause to arrest and prosecute him was lacking. Indeed, the facts of his imprisonment and that he was convicted, either based upon a guilty plea or a trial, following his arrest, suggests otherwise. Accordingly, I recommend that plaintiff's false arrest claim be dismissed on the merits.

### d.   <u>False Allegations in a Search Warrant</u>

It appears that the searches referenced in plaintiff's complaint were conducted pursuant to the issuance of one or more warrants. Plaintiff's complaint makes at least indirect or implicit reference to false statements

11

contained within the applications for those warrants.

The Fourth Amendment prohibits "unreasonable searches and seizures," and the Warrants Clause requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Generally, "a search or seizure pursuant to a warrant is presumed valid." *U.S. v. Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003); *accord*, *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("There is . . . a presumption of validity with respect to the affidavit supporting [a] search warrant."); *see U.S. v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000).

Under certain circumstances, however, "a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." *Awadallah*, 349 F.3d at 64 (2d Cir. 2003) (citing *Franks*, 438 U.S. at 164-72). "To secure a *Franks* hearing, a defendant must both (1) make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit' and (2) show that 'the allegedly false statement [was] necessary to the finding of probable cause.'" *U.S. v.*

*Morris*, 509 F. App'x. 58, 60 (2d Cir. 2013) (quoting *Franks*, 438 U.S. at

155-56; *see U.S. v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008). To avoid

fishing expeditions into affidavits that are otherwise presumed truthful, the

Supreme Court held that to mandate an evidentiary hearing

> the challenger's attack must be more than
> conclusory and must be supported by more than a
> mere desire to cross-examine. There must be
> allegations of deliberate falsehood or of reckless
> disregard for the truth, and those allegations must
> be accompanied by an offer of proof. They should
> point out specifically the portion of the warrant
> affidavit that is claimed to be false; and they should
> be accompanied by a statement of supporting
> reasons.

*Franks*, 438 U.S. at 171; *see Falso*, 544 F.3d at 125; *U.S. v.*

*Stegemannm*, 40 F. Supp. 3d 249, 261 (N.D.N.Y. 2014). "Allegations of

negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171;

*see U.S. v. Russell*, No. 5:08-CR-545 (NAM), 2009 WL 466515, at *3

(N.D.N.Y. Feb. 24, 2009) (citing *U.S. v. Barnes*, 399 F. Supp. 2d 169, 181-

182 (W.D.N.Y. 2005)). "The focus is not on whether a mistake was made,

but rather on the intention behind the mistake." *Russell*, 2009 WL 466515,

at *3.

     Although an affidavit in support of a search warrant application may

contain both lawful and tainted allegations, a search warrant issued on the

basis of such an affidavit remains valid if probable cause is found based

on an independent consideration of only the lawful information contained in the affidavit. *Franks*, 438 U.S. at 170-71; *see U.S. v. Patterson*, 135 F. App'x. 469, 472 (2d Cir. 2005) (internal citations omitted) (holding that if, after setting aside the allegedly misleading statements or omissions, the affidavit presents sufficient information to support a finding of probable cause, there is no need to conduct a *Franks* hearing). An allegedly false statement is "material" when "'the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.'" *U.S. v. Martin*, 426 F.3d 68, 73-74 (2d Cir. 2005) (quoting *Awadallah*, 349 F.3d at 64-65). As a result, the ultimate inquiry is whether, after putting aside erroneous information and material omissions, "'there remains a residue of independent and lawful information sufficient to support probable cause.'" *U.S. v. Barnes*, 411 F. App'x. 365, 367 (2d Cir. 2011) (quoting *Canfield*, 212 F.3d at 717.

Plaintiff's complaint fails to set forth any facts that would give rise to a proper *Franks* challenge to any warrants that may have been issued for the searches referenced in his complaint. Accordingly, I recommend that any claim that might be based upon false statements made in applications for search warrants be dismissed.

e.    <u>Personal Involvement</u>

14

In his complaint, plaintiff names Sergeant Ketchum as one of the two defendants sued. That defendant, however, is nowhere mentioned in the body of plaintiff's complaint.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

Plaintiff's complaint is utterly devoid of any factual allegations that would demonstrate the involvement of defendant Ketchum in the

constitutional violations alleged. Accordingly, I recommend that plaintiff's complaint be dismissed as against that defendant based upon lack of personal involvement.

f. *Monell* claim

Plaintiff's remaining claim is against the Village of Endicott, and is based upon the actions of one or more of its employees. A municipal entity may be held accountable for a constitutional violation that has occurred pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal liability can be established in various ways, including through "proof of an officially adopted rule or widespread, informal custom[] [demonstrating] 'a deliberate government policy or failing to train or supervise its officers.'" *Bruker v. City of New York*, 337 F. Supp. 2d 539, 556 (S.D.N.Y. 2004) (quoting *Anthony v. City of New York*, 339 F.3d 129, 140 (2d Cir. 2003)). A plaintiff may also show that the allegedly unconstitutional action was "taken or caused by an official whose actions represent an official policy," *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir.

16

2000), or when municipal officers have acquiesced in or condoned a known policy, custom, or practice that violates federal law. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *see also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell's* policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions.").

A municipality's failure to act "satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices [is] so likely to result in a deprivation of federal rights[] that the municipality . . . can be found deliberately indifferent to the need." *Reynolds*, 506 F.3d at 192 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). Assuming a plaintiff can prove that a municipality has acquiesced in a pattern of conduct that may result in a violation of federal law, "for liability to attach . . .[,] the identified deficiency . . . must be closely related to the ultimate injury." *City of Canton*, 489 U.S. 391; *accord*, *Amnesty Am.*, 361 F.3d at 130 ("*City of Canton* requires that plaintiffs establish not only that the officials' purported failure to train occurred under circumstances that could constitute deliberate indifference, but also that

17

plaintiffs identify a specific deficiency in the city's training program and establish that . . . it actually caused the constitutional deprivation." (quotation marks omitted)).

In this case, plaintiff has failed to allege the existence of a specific policy of the Village of Endicott that led to the constitutional violations asserted in his complaint. Accordingly, I recommend that plaintiff's claims against the Village of Endicott be dismissed on this additional, independent basis.

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v.*

18

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, I am unable to say with complete confidence that, if granted leave to amend, plaintiff could not allege facts demonstrating the existence of plausible claims against one or both of defendants. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-

1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).

Therefore, in any amended complaint, plaintiff must clearly set forth the

facts that give rise to the claims, including the dates, times, and places of

the alleged underlying acts, and each individual who committed each

alleged wrongful act. In addition, the revised pleading should allege facts

demonstrating the specific involvement of any of the named defendants in

the constitutional deprivations alleged in sufficient detail to establish that

they were tangibly connected to those deprivations. *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such

amended complaint will replace the existing complaint, and must be a

wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with

the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d

Cir. 1994) ("It is well established that an amended complaint ordinarily

supersedes the original, and renders it of no legal effect." (quotation marks

omitted)).

III.   SUMMARY, ORDER, AND RECOMMENDATION

    Having reviewed plaintiff's request for leave to proceed without

prepayment of fees, I find that it is complete and demonstrates his

entitlement to that status. Turning to the merits of plaintiff's complaint,

however, and applying the standard set forth in 28 U.S.C. §§ 1915(e),

1915A, I conclude that plaintiff's complaint fails to state a cognizable claim

against either of the two defendants. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed in this action *in*

*forma pauperis* (Dkt. No. 5) is GRANTED; and it is further hereby

ORDERED that the clerk is respectfully directed to substitute the

Village of Endicott as a named defendant, in the place of the Endicott

Police Department; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1)

be DISMISSED, with leave to replead within thirty days of the date of any

decision and order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report. Such objections must be filed

with the clerk of the court within FOURTEEN days of service of this

report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[5]     If you are proceeding *pro se* and are served with this order, report, and
recommendation by mail, three additional days will be added to the fourteen-day
period, meaning that you have seventeen days from the date the order, report, and
recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If
the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then
the deadline is extended until the end of the next day that is not a Saturday, Sunday, or
legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).


David E. Peebles
U.S. Magistrate Judge

Dated:      February 5, 2018
            Syracuse, New York

22