UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JACK WHITEHEAD,

Plaintiff,

v.

3:18-CV-0052
(GTS/DEP)

VILLAGE OF ENDICOT; and
SERGEANT KETCHUM,

Defendants.

---

APPEARANCES:

JACK WHITEHEAD, 13-B-1363
Plaintiff, *Pro Se*
Willard Drug Treatment Campus
7116 County Route 112
P.O. Box 303
Willard, New York 14588-0303

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Jack Whitehead (" Plaintiff") against the Village of Endicott and Sergeant Ketchum ("Defendants") asserting claims of false arrest and unreasonable search and seizure under 42 U.S.C. § 1983, are the following: (1) Chief United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's Complaint be dismissed with leave to replead; (2) Plaintiff's letter-motion seeking an extension of time to file an Amended Complaint; and (3) a two-page document entitled "Amended Complaint." (Dkt. Nos. 7, 10, 11.) Based upon a careful review

of this matter, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 7.) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein; and Plaintiff's Complaint shall be dismissed with prejudice unless, within thirty days of the date of this Decision and Order, he files an Amended Complaint that corrects the pleading defects identified in his original Complaint.

With regard to Plaintiff's letter-motion, because the deadline by which to file an Amended Complaint had not been set by the time he filed his letter-motion, the letter-motion is denied without prejudice as moot.

Finally, with regard to the two-page document entitled "Amended Complaint" that Plaintiff has filed, while an argument exists that Plaintiff did not possess the absolute right to file an Amended Complaint under Fed. R. Civ. P. 12(a)(1) because he had not yet served his Complaint and no responsive pleading or motion under Fed. R. Civ. P. 12(b), (e) or (f) had yet been filed,[2] the Court need not decide that issue. This is because the two-page document that he

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] *See, e.g., Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc.*, 11-CV-0709, 2013 WL 785333, at *2 (D. Conn. Mar. 1, 2013) (finding that *pro se* plaintiff's ability to amend complaint as of right expired where "21 days have elapsed since the service of Plaintiffs' Complaint on May 12, 2011, and Defendant has served no responsive pleading or motion under Rule 15(a)(1)(B)"); *accord, Lavigne v. Michael's Stores, Inc.*, 14-CV-

filed on March 22, 2018, was so utterly bereft any resemblance to an Amended Complaint (lacking a caption, a "jurisdiction" section, a "parties" section, a "facts" section, a "causes of action" section, or a "prayer for relief" section) that it can only be liberally construed as attempting to rely on Plaintiff's original Complaint, which is prohibited. (Dkt. No. 7, at 20.) *See also* N.D.N.Y. L.R. 7.1(a)(4). Moreover, the Court suspects that Plaintiff rushed the preparation of the document because he was laboring under the misunderstanding that his Amended Complaint was due at the time of his Objection to the Report-Recommendation. Under the circumstances, special solicitude warrants an Order striking the document so that Plaintiff may, having the full benefit of the clarity that this Decision and Order hopefully brings him, amend his Complaint properly. He is respectfully reminded that, in preparing that Amended Complaint, he should comply with the advice given to him by Magistrate Judge Peebles on pages 19 and 20 of the Report-Recommendation. (Dkt. No. 7, at 19-20.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED with prejudice UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, he files an Amended Complaint that corrects the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that Plaintiff's letter-motion seeking an extension of time to file an Amended Complaint (Dkt. No. 10) is **DENIED without prejudice** as moot; and it is further

1717, 2015 WL 1826169, at *2-3 (D. Conn. Apr. 22, 2015).

**ORDERED** that the document on the docket entitled "Amended Complaint" (Dkt. No. 11) is *sua sponte* **STRICKEN** as violative of Fed. R. Civ. P. 8(a), 10(a) and (b), and 12(b)(6), and Local Rule 7.1(a)(4) of the Local Rules of Practice for this Court; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within thirty days of the date of this Decision and Order, that Amended Complaint shall be referred to Magistrate Judge Peebles for his review; and it is further

**ORDERED** that the Clerk of Court shall mail to Plaintiff a courtesy copy of the District's *Pro Se* Handbook and Local Rules of Practice for the Court.

Dated: April 10, 2018
Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge